EXHIBIT C

9/14/2015 11:47:00 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6906215
By: Sarah Anderson
Filed: 9/14/2015 11:47:00 AM

**2015-54038 / Court: 157**

CAUSE NO. _____

| | | |
|---|---|---|
| PATRIOT BANCSHARES, INC., PLAINTIFF, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| ZURICH AMERICAN INSURANCE COMPANY, DEFENDANT. | § § § § | HARRIS COUNTY, TEXAS <br><br> \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Patriot Bancshares, Inc. ("Plaintiff"), and files this its Plaintiff's Original Petition and Request for Disclosures, complaining of Defendant, Zurich American Insurance Company ("Defendant"), and in support thereof would show the Court as follows:

### Discovery Level

1. Discovery will be conducted under Level 2 of TEX. R. CIV. P. 190.

### Amount in Controversy

2. Plaintiff seeks monetary relief of over $1,000,000.

### Parties

3. Plaintiff is a corporation with its principal place of business in Harris County.

4. Defendant, Zurich American Insurance Company, is a foreign corporation authorized to conduct the business of insurance in the State of Texas, and may be served by citation through its registered agent, Corporate Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and Venue

5. The subject matter in controversy is within the jurisdictional limits of this court.

6.  Venue is proper in Harris County, Texas in that all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas. Additionally, the obligations under the insurance policy at issue were to be performed in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) and (4).

### Facts

7.  Plaintiff is the owner of a financial institutions select insurance policy (policy number DOP 9336724) (hereinafter "Policy") issued by Defendant.

8.  On or about February 8, 2012, Patriot Bank, a subsidiary of Plaintiff, was sued for alleged violations of Anti-Tying Provisions of the Bank Holding Company Act, fraud, negligence, negligent misrepresentation, breach of contract, tortious interference, unjust enrichment, breach of fiduciary duty, breach of duty of good faith and fair dealing, wrongful foreclosure and economic duress.

9.  The matters made the basis of the lawsuit occurred during a period in which Plaintiff had insurance coverage through Defendant, and said matters were covered under the Policy.

10. Plaintiff sent a notice of claim to Defendant pursuant to the terms of the Policy, requesting Defendant's acknowledgment of coverage and reimbursement of attorney fees and settlement costs. Defendant agreed to hire counsel to defend Patriot Bank, and approved the law firm of Kane, Russell, Coleman, & Logan, P.C., to represent Plaintiff in the lawsuit.

11. Due to the complex nature of the alleged claims against Plaintiff, Leyh, Payne & Mallia, PLLC ("LPM") also assisted in the defense of the lawsuit due to its experience defending claims involving the Anti-Tying Provisions of the Bank Holding Company Act.

12. The lawsuit was ultimately resolved, with Plaintiff making a settlement payment of $335,000.00 ("Settlement Payment"). Defendant has failed and refused to reimburse Plaintiff for

the Settlement Payment, even though the issues made the basis of the lawsuit were covered under the Policy.

13. Furthermore, during the course of the lawsuit, Plaintiff incurred attorney's fees and costs in the amount of $606,165.61 ("Cost of Defense"). Defendant, despite its obligations under the Policy, has failed and refused to pay Plaintiff's attorney's fees and costs.

## Cause of Action

### Breach of Contract

14. Plaintiff and Defendant have a valid and enforceable contract by virtue of the Policy. Plaintiff fully performed its obligations set forth in the Policy

15. Defendant failed to perform its obligations under the Policy by failing and refusing to pay Plaintiff the Settlement Amount and the Costs of Defense. Defendant's refusal to perform constitutes a material breach of the contract between Plaintiff and Defendant.

16. Defendant's breach caused Plaintiff to suffer damages in the amount of at least $941,165.61, representing the Settlement Amount and the Cost of Defense paid by Plaintiff in defending the lawsuit.

### Violation of Texas Insurance Code

17. Defendant's acts and omissions constitute one or more violations of the Texas Insurance Code. Defendant violated Chapter 542 of the Texas Insurance Code by failing to promptly pay Plaintiff's insurance claims.

18. Defendant also violated Chapter 541 of the Texas Insurance Cody by, among other things: (a) misrepresenting material facts relating to coverage; (b) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim to which Defendant's liability has become reasonably clear; (c) failing to promptly provide Plaintiff a reasonable explanation of the

basis in the policy, in relation to the facts or applicable law, for Defendant's denial of a claim or offer of a compromise settlement of a claim; (d) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (e) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (f) making a material misstatement of law; and/or (g) failing to disclose a matter required by law to be disclosed.

19. Pursuant to Section 542.060 of the Texas Insurance Code, as a result of Defendant's violations, Defendant is liable to pay Plaintiff interest on the amount of its defense costs, at a rate of 18% per year as additional damages, together with the Plaintiff's reasonable attorney's fees.

20. Additionally, one or more of the foregoing acts and omissions were committed "knowingly" or "intentionally," which entitles Plaintiff to recover treble damages.

**Fraud**

21. Defendant made material misrepresentations to Patriot, including, but not limited to, stating it would pay Plaintiff's attorney's fees and costs incurred in the lawsuit. Defendant knew its material representations were false, or made them recklessly without any knowledge of their truth and as a positive assertion.

22. Defendant made the material misrepresentations with the intention that they should be acted upon by Plaintiff. Plaintiff acted in reliance upon Defendant's misrepresentations causing Plaintiff to suffer damages.

**Promissory Estoppel**

23. Defendant made promises to Plaintiff and could foresee that Plaintiff would rely on those promises. Plaintiff substantially relied on the promises to its detriment. Injustice can be avoided

only by the legal enforcement of the promises against Defendant by, among other things, requiring Defendant to reimburse Plaintiff for the Settlement Payment and Cost of Defense.

**Violations of Texas Deceptive Trade Practices Act**

24. Plaintiff is a "consumer" as defined by the DTPA. The purchase of insurance is a "service" as defined by the DTPA.

25. Defendant's violations of the DTPA include, but are not limited to: (a) violating the Texas Insurance Code; (b) representing that the Policy had benefits that it did not have; (c) representing that the Policy conferred or involved rights and remedies that it did not have; (d) promulgating and selling a Policy that provides little or no coverage, and is illusory; (e) misrepresenting the terms of an agreement; (f) representing that the Policy had characteristics, standards, or coverage that it did not have; (g) failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiffs into purchasing the Policy; and/or (h) engaging in an unconscionable act or course of action.

26. The foregoing deceptive acts and practices were committed in connection with Plaintiff's purchase of the Policy and its request for payment pursuant to the terms and conditions of the Policy. Plaintiffs relied upon the false, misleading, and deceptive acts and practices as described herein, and this conduct was a producing cause of Plaintiff's damages.

27. As a result, Plaintiffs have sustained damages, including without limitation, actual damages, economic damages, and consequential damages. Additionally, one or more the foregoing false, misleading, and deceptive acts and practices were committed "knowingly" or "intentionally," which entitles Plaintiffs to recover treble damages. Plaintiffs also seek to recover its reasonable and necessary attorney's fees they have incurred as a result of these violations.

Certified Document Number: 67018903 - Page 5 of 8

5

### Negligent Misrepresentation

28. Defendant had a pecuniary interest in the transaction involving the Policy, in that Plaintiff paid a premium for the Policy. In that transaction and/or in the course of Defendant's business, Defendant provided information to Plaintiff that it cover all matters under the Policy and would further pay Plaintiff's cost of defense. That information was false, as Defendant has failed and refused to pay those fees and costs.

29. Defendant did not exercise reasonable care or competence when it communicated to Plaintiff that it would pay Plaintiff's attorney's fees. Plaintiff justifiably relied on the Defendant's representation that the attorney's fees would be paid by Defendant. Plaintiff suffered damages that were proximately caused by its reliance on the false information provided by Defendant.

### Common-law Bad Faith

30. Defendant refused to pay or delayed in paying Plaintiff's claim after liability has become reasonably clear. Specifically, Defendant has refused to pay, delayed in paying, or offered grossly inadequate and unconscionable sums to settle claims submitted by Plaintiffs. This conduct constitutes a breach of Defendant's common-law duty of good faith and fair dealing. In other words, Defendant is acting in "bad faith."

31. Additionally, Defendant and its employees and agent have "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent, and/or grossly negligent fashion, and as a result, Plaintiff is entitled to recover extra-contractual damages, including punitive damages.

### Attorney's Fees

32. Due to Defendant's actions, Plaintiff has been forced to employ the undersigned attorneys to represent it in the filing of this suit and to attempt to recover its damages. Plaintiff is

entitled to recover reasonable and necessary attorney's fees in accordance with Texas Civil Practice and Remedies Code §38.00, the DTPA, and Section 542.060 of the Texas Insurance Code. Plaintiff seeks attorney's fees for the preparation, filing, and prosecution of this suit, and any and all necessary and reasonable attorney's fees for any subsequent appeal.

33. Plaintiff further seeks pre-judgment and post-judgment interest, and all costs of court.

### Conditions Precedent

34. All conditions precedent have been performed, were waived, or have occurred as required by Rule 54 of the Texas Rules of Civil Procedure.

### Request for Disclosure

35. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Patriot Bancshares, Inc., respectfully asks this Court to enter a Judgment for Plaintiff against Defendant, Zurich American Insurance Company, awarding Plaintiff its damages as outlined herein, plus pre-judgment and post-judgment interest on all sums awarded as allowed by law, for all costs of court and reasonable attorney's fees, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

| Signatures on following page |

Certified Document Number: 67018903 - Page 7 of 8

Respectfully submitted,

**LEYH, PAYNE & MALLIA, PLLC**

By: */s/ Steven A. Leyh*
    Steven A. Leyh
    Texas Bar No. 12318300
    Argie D. Brame
    Texas Bar No. 24063874
    9545 Katy Freeway, Suite 200
    Houston, Texas 77024
    sleyh@lpmfirm.com
    abrame@lpmfirm.com
    (713) 785-0881 (Telephone)
    (713) 784-0338 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 67018903 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 13, 2015

Certified Document Number:        67018903

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**