IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRIOT BANCSHARES, INC., § | | |
|     PLAINTIFF, § | | |
| § | Case No. 4:15–cv–03109 | |
| v. § | | |
| § | JURY TRIAL DEMANDED | |
| ZURICH AMERICAN § | | |
| INSURANCE COMPANY, § | | |
|     DEFENDANT. § | | |

## Plaintiff's First Amended Complaint

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Patriot Bancshares, Inc. ("Patriot"), and files this First Amended Complaint complaining of Defendant, Zurich American Insurance Company ("Zurich"), and in support thereof would show the Court as follows:

### Parties

1. Plaintiff is a corporation with its principal place of business in Harris County.

2. Defendant, Zurich American Insurance Company, is a foreign corporation authorized to conduct the business of insurance in the State of Texas. Zurich has been served and has appeared in this matter. Zurich will be served through its attorney–of–record.

### Jurisdiction

3. This Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and the parties have diversity of citizenship.

**Factual Background**

4.     Patriot is the owner of a financial institutions select insurance policy (policy number DOP 9336724) ("Policy") issued by Zurich.

5.     On or about February 8, 2012, Patriot Bank, a subsidiary of Patriot, was sued for alleged violations of Anti-Tying Provisions of the Bank Holding Company Act, fraud, negligence, negligent misrepresentation, breach of contract, tortious interference, unjust enrichment, breach of fiduciary duty, breach of duty of good faith and fair dealing, wrongful foreclosure and economic duress.

6.     The matters made the basis of the lawsuit occurred during a period in which Patriot had insurance coverage through Zurich, and the claims were covered under the Policy.

7.     Patriot sent a notice of claim to Zurich pursuant to the terms of the Policy, requesting Zurich's acknowledgment of coverage and reimbursement of attorney fees and settlement costs. Zurich agreed to hire counsel to defend Patriot Bank, and approved the law firm of Kane, Russell, Coleman, & Logan, P.C.

8.     Due to the complex nature of the alleged claims against Patriot Bank, Leyh, Payne & Mallia, PLLC ("LPM") also assisted in the defense of the lawsuit due to its experience defending claims involving the Anti-Tying Provisions of the Bank Holding Company Act.

9.     Zurich issued Patriot a letter dated November 21, 2012. In the letter, Zurich claimed there was "an apparent lack of compliance" with the Policy's reporting requirements. Zurich also represented that it could not "agree to participate in

the upcoming mediation or contribute to any indemnification payments." Finally, Zurich further represented that it "would continue to defend this matter pursuant to the reservation of rights ... ." Zurich did not unequivocally deny coverage or refuse to pay defense costs in this November 21, 2012 letter. Nor did Zurich claim that it was prejudiced or otherwise harmed by any alleged failure by Patriot to comply with the Policy's claim reporting requirements.

10. The lawsuit was ultimately resolved, with Patriot making a settlement payment of $335,000.00 ("Settlement Payment"). Zuirch has failed and refused to reimburse Patriot for the Settlement Payment, even though the claims made the basis of the lawsuit were covered under the Policy.

11. Furthermore, during the course of the lawsuit, Patriot incurred attorney's fees and costs in the amount of $606,165.61 ("Cost of Defense"). Zurich, despite its obligations under the Policy, has failed and refused to pay Patriot's attorney's fees and costs.

## Causes of Action

### A. Declaratory Judgment

12. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

13. Patriot respectfully requests a declaration from this Honorable Court that the Policy provides coverage for the Settlement Payment and Cost of Defense, less any applicable deductible or retention, if any. Patriot also seeks the recovery of its reasonable and necessary attorney fees under Chapter 37 of the Civil Practice &

Remedies Code.

### B. Breach of Contract

14. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

15. The Policy is an enforceable contract between Patriot and Zurich. The Policy unambiguously obligates Zurich to provide coverage to Patriot for the Settlement Payment and Cost of Defense, but Zurich has refused to fulfill its obligations under the Policy to pay for Patriot's Settlement Payment and Cost of Defense.

16. Zurich's acts and omissions, including the acts and omissions of its employees and agents, constitute a breach and/or anticipatory breach of the Policy with Patriot.

17. Patriot has satisfied all conditions precedent to the fulfillment of its contractual demands.

18. Accordingly, additionally or in the alternative, Patriot brings an action for breach of contract against Zurich under Texas statutory and common law, including Chapter 38 of the Texas Civil Practice & Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorney fees, costs of court, and prejudgment and post-judgment interest.

### C. Violations of the Texas Insurance Code

19. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

20. Zurich was engaged in the business of insurance at all pertinent times, as defined by the Texas Insurance Code.

21. Zurich's acts and omissions, including the acts and omissions of its employees and agents, constitute one or more violations of the Texas Insurance Code.

22. Specifically, Zurich, among other violations, violated the following provisions of the Code:

- Chapter 542 of the TEXAS INSURANCE CODE, the Prompt Payment Act;

- Chapter 541 of the TEXAS INSURANCE CODE, including but not limited to:

    o Making any misrepresentation relating to an insurance policy by:
    
    - making any untrue statement of a material fact; and/or
    
    - making misstatements of law;
    
    o Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue;
    
    o Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

5

- o   Failing to provide promptly to Patriot a reasonable explanation of the factual and legal basis in the policy for an insurer's denial of the claim;

- o   Failing to affirm or deny coverage of a claim within a reasonable time; and/or

- o   Refusing to pay a claim without conducting a reasonable investigation of the claim.

23. Where statements were made by Zurich, Patriot reasonably relied upon them.

24. The foregoing conduct is the producing cause of Patriot's damages, which include, without limitation, actual damages, economic damages, and consequential damages.

25. Additionally, one or more of the foregoing acts and omissions were committed "knowingly" or "intentionally," which entitles Patriot to recover treble damages pursuant to the Texas Insurance Code.

26. Furthermore, Zurich violated the Prompt Payment Act, and as a result, it is liable to pay Patriot, in addition to the amount of Patriot's claim, interest on the amount of the claim at the rate of 18% per annum.

27. Patriot also seeks to recover its reasonable and necessary attorney's fees it has incurred as a result of these violations, as permitted by the TEXAS INSURANCE CODE.

### D. Violations of the Texas Deceptive Trade Practices Act

28. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

29. Patriot was a "consumer" at all relevant times, as that term is defined by the TEXAS DECEPTIVE TRADE PRACTICES ACT.

30. Zurich, as well as its employees and agents, violated the following provisions of the TEXAS DECEPTIVE TRADE PRACTICES ACT:

- violations of the TEXAS INSURANCE CODE, as set forth above;
- representing that the Policy had benefits that it did not have;
- representing that the Policy conferred or involved rights and remedies that it did not have;
- misrepresenting the terms of an agreement;
- representing that the Policy had characteristics, standards, or coverage that it did not have; and/or
- engaging in an unconscionable act or course of action.

31. The foregoing deceptive acts and practices were committed in connection with Patriot's purchase of the Policy and its request for payment pursuant to the terms and conditions of the Policy.

32. Patriot relied upon the false, misleading, and deceptive acts and practices as described herein, and this conduct was a producing cause of Patriot's damages.

33. As a result, Patriot has sustained damages, including without limitation, actual damages, economic damages, and consequential damages.

34. Additionally, one or more the foregoing false, misleading, and deceptive acts and practices were committed "knowingly" or "intentionally," which entitles Patriot to recover treble damages.

35. Patriot also seeks to recover its reasonable and necessary attorney's fees it has incurred and will incur as a result of these violations.

      **E.**    **Common–law Bad Faith**

36. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

37. Zurich refused to pay or delayed in paying Patriot's claim after Zurich's liability has become reasonably clear. Specifically, Zurich has refused to pay, delayed in paying, or offered grossly inadequate and unconscionable sums to settle claims submitted by Patriot. This conduct constitutes a breach of Zurich's common-law duty of good faith and fair dealing. In other words, Zurich is acting in "bad faith."

38. Additionally, Zurich and its employees and agent have "investigated" and "adjusted" Patriot's claim in a malicious, intentional, fraudulent, and/or grossly negligent fashion, and as a result, Patriot is entitled to recover extra-contractual damages, including punitive damages.

39. Zurich is well aware that its actions involve an extreme risk that Patriot will suffer financial damages as a result of Zurich's refusal to honor its obligations pursuant to the Policy, yet it is consciously indifferent to Patriot's rights.

40. Consequently, Patriot is entitled to recover its actual damages, consequential damages, punitive damages, and prejudgment and post-judgment interest.

### F. Fraud

41. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

42. Zurich made material misrepresentations to Patriot, including, but not limited to, stating it would pay its attorney's fees and costs incurred in the lawsuit. Zurich knew its material representations were false, or made them recklessly without any knowledge of their truth and as a positive assertion.

43. Zurich made the material misrepresentations with the intention that they should be acted upon by Patriot, and Patriot did act in reliance upon Zurich's misrepresentations, which caused Patriot's damages.

### G. Negligent Misrepresentation

44. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

45. Zurich had a pecuniary interest in the transaction involving the Policy, in that Patriot paid a significant premium for the Policy. In that transaction and/or in the course of Zurich's business, Zurich provided information to Patriot indicating that it would cover all matters under the Policy and would further pay Patriot's cost of defense. That information was false, as Zurich has failed and refused to pay those fees and costs.

46. Zurich did not exercise reasonable care or competence when it communicated to Patriot that it would pay its attorney's fees. Patriot justifiably relied on the Zurich's representation that it would pay the attorney's fees incurred by Patriot. Thus, Patriot suffered damages that were proximately caused by its reliance on the false information provided by Zurich.

### H.  Attorney Fees

47. Due to Zurich's actions, Patriot has been forced to employ the undersigned attorneys to represent it in the filing of this suit and to attempt to recover its damages. Patriot is entitled to recover reasonable and necessary attorney's fees in accordance with Chapters 17, 37, and 38 of Texas Civil Practice and Remedies Code, and the Texas Insurance Code. Patriot seeks attorney's fees for the preparation, filing, and prosecution of this suit, and any and all necessary and reasonable attorney's fees for any subsequent appeal.

### I.  Conditions Precedent

48. All conditions precedent have been performed, were waived, or have occurred.

### J.  Counter–Defenses

49. Patriot incorporates Paragraphs 1–11 by reference as if set forth fully herein.

50. Patriot asserts that Zurich has not pled or claimed that it was prejudiced or in any way harmed by any alleged failure by Patriot to comply with the Policy's reporting requirements.

51. Patriot asserts that Zurich is estopped from raising the issue of limitations based on its November 21, 2012 letter because the letter was not an unequivocal denial of Patriot's claim. Thus, the applicable limitations periods did not begin to run on November 21, 2012.

52. Patriot asserts that Zurich's defenses are barred by laches.

53. Patriot asserts that Zurich waived any right to rely on exclusion L.3 because Zurich did not claim this alleged exclusion in its November 21, 2012 letter.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Patriot Bancshares, Inc., respectfully asks this Court to enter a Judgment for Plaintiff against Defendant, Zurich American Insurance Company, awarding Plaintiff its damages as outlined herein, plus pre-judgment and post-judgment interest on all sums awarded as allowed by law, for all costs of court and reasonable attorney's fees, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

**{Signature on next page}**

Respectfully submitted,

**LEYH, PAYNE & MALLIA, PLLC**


By: */s/ Steven A. Leyh*
    Steven A. Leyh
    Texas Bar No. 12318300
    Argie D. Brame
    Texas Bar No. 24063874
    Sean M. Reagan
    Texas Bar No. 24046689
    9545 Katy Freeway, Suite 200
    Houston, Texas 77024
    sleyh@lpmfirm.com
    abrame@lpmfirm.com
    (713) 785-0881 (Telephone)
    (713) 784-0338 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's Demand for a Jury Trial was served on all parties through their counsel of record on January 15, 2016, as follows:

Alicia G. Curran                                     *Via ECF & Email*
Alissa K. Christopher
1717 Main Street, Suite 3400
Dallas, Texas 75201


                                                      */s/ Steven A. Leyh*